DECISION AND JUDGMENT ENTRY
{¶ 1} Lisa Seward ("Appellant") appeals her conviction in the Ross County Court of Common Pleas for a fifth degree felony drug offense. Specifically, she contends that the trial court erred when it failed to state its reasons for sentencing her to a prison term for her offense and when it directed the prison term to be served consecutively to another underlying sentence. Appellant also contends that her trial counsel failed to provide her with effective assistance in her defense. Because we find that Appellant's three assignments of error are without merit, we affirm the judgment of the trial court.
 {¶ 2} The facts below are as follows. On September 18, 2004, at approximately 12:59 a.m., two Chillicothe police officers observed Appellant driving a white Dodge Spirit in the area of Seventh and Mechanic Streets in the city of Chillicothe. The officers recognized Appellant, and radioed to dispatch to determine whether Appellant had any outstanding warrants. The officers were informed by dispatch that Appellant's license was suspended.
 {¶ 3} The officers initiated a traffic stop of Appellant's vehicle on West Sixth Street in Chillicothe. Appellant was found to be the driver and the sole occupant of the vehicle. When questioned by the officers, Appellant produced paperwork of her license suspension, but also presented a document purportedly showing that she had been granted limited driving privileges from Circleville Municipal Court, though those privileges were not specifically defined. The officers informed Appellant she was under arrest for driving with a suspended license. Defendant refused to exit the car, tried to put her keys in the ignition, and had to be physically removed from the car. She attempted to throw the keys to a bystander, and instructed the bystander to lock the car. Following the arrest, the officers performed an inventory search of Appellant's vehicle, and found packets containing a total of 5.24 grams of cocaine in the console of the vehicle, located just behind the gearshift.
 {¶ 4} On August 3, 2005, a Ross County jury found Appellant guilty of possession of cocaine in violation of R.C. 2925.11, a fifth degree felony. The trial court sentenced Appellant to a maximum twelve month sentence, to run consecutively with a prison term she was then serving. Appellant now appeals, asserting the following assignments of error:
 {¶ 5} I. THE TRIAL COURT ERRED IN FAILING TO STATE ITS REASONS FOR FINDING THAT DEFENDANT SHOULD BE SENTENCED TO PRISON FOR A FIFTH DEGREE FELONY DRUG OFFENSE.
 {¶ 6} II. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO A CONSECUTIVE SENTENCE WHEN THE RECORD DOES NOT CONTAIN EVIDENCE OF THE LENGTH OF THAT UNDERLYING SENTENCE, NOR ANY ANALYSIS OF HOW THE LENGTH OF THE SENTENCE RELATES TO THE PROPORTIONALITY OF THE CONDUCT.
 {¶ 7} III. THE TRIAL COURT FAILED TO COMPLY WITH THEFOURTEENTH AND SIXTH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION AND PROVISIONS OF ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION WHEN IT FAILED TO PROVIDE DEFENDANT WITH EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 8} In her first assignment of error, Appellant asserts that the trial court erred when it failed to state its reasons for finding that she should be sentenced to a prison term for the fifth degree felony drug offense she committed. Recently, inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, the Supreme Court of Ohio reviewed the ability of courts to sentence offenders to prison rather than community control for felonies of the fourth and fifth degree. In Foster, the Supreme Court held that R.C. 2929.13(B) does not prevent a court from imposing a prison term without explicitly making one of the findings listed in R.C. 2929.13(B)(1)(a) through (i). Foster, supra, at ¶ 69. Here, Appellant argues that the trial court erred when it did not make a specific finding under R.C. 2929.13(B)(1) to support a prison sentence rather than a community control sanction for her conviction. However, in Foster, the Supreme Court held that a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction can still impose a prison term. Id. Therefore, because the trial court determined that Appellant was not amenable to an available community control sanction, the trial court could still properly impose a prison term on Appellant for her violation of R.C.2925.11. Appellant's first assignment of error is, therefore, overruled.
 {¶ 9} In her second assignment of error, Appellant contends that the trial court erred in sentencing her to a consecutive prison term, as the trial court failed to make certain findings before imposing consecutive terms. In Foster, the Supreme Court of Ohio held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at ¶ 100. Therefore, the trial court had full discretion to impose a consecutive sentence on Appellant without stating its reasons. Appellant's second assignment of error is not well taken.
 {¶ 10} In her third assignment of error, Appellant argues that she was deprived the effective assistance of counsel because her trial attorney failed to have the fruits of the inventory search suppressed prior to trial. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. Second, Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, 538 N.E.2d 373. In cases involving motions to suppress, the issue for purposes of an ineffective assistance of counsel claim is not whether suppression of the evidence would change the outcome; rather the issue is whether there exists a reasonable probability that, had counsel pursued a motion to suppress, the motion would have been successful. See State v.White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772.
 {¶ 11} Appellant contends that the inventory search of her vehicle was unlawful, as she was arrested without probable cause. At the time of her arrest, she produced a document purporting to detail limited driving privileges. However, such privileges are generally occupational privileges, allowing operators to commute back and forth to work. At the time of her arrest, Appellant was not employed; additionally, she was operating the vehicle at 12:59 a.m., which strongly suggests she was not operating the vehicle in any business capacity. These facts and the remainder of the evidence presented at trial showed that Appellant was not operating the vehicle within the realm of the limited driving privileges she had been given and as such she was properly arrested for operating a motor vehicle while under suspension. Because she was properly arrested, the resulting inventory search of her vehicle was proper. Therefore, there is no reasonable probability that a motion to suppress the evidence obtained by the search would have been successful. Accordingly, Appellant's third assignment of error is overruled.
 {¶ 12} Because the trial court properly imposed a prison term upon Appellant, was not required to give its reasons for imposing a consecutive sentence, and did not deprive Appellant of the effective assistance of counsel, its judgment is accordingly affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.